FILED
JUN - 4 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN MEHALIC, III,

    Petitioner,

v.                                                                           Civil Action No. 09 1038

JOHN OWENS,

    Respondent.

## MEMORANDUM OPINION

This matter comes before the court on petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus. The Court will grant the application, and will dismiss the petition.

Petitioner attacks his criminal conviction and the sentence imposed by the Superior Court of the District of Columbia in November 1998 on several grounds, including ineffective assistance of defense counsel and prosecutorial misconduct. Challenges of this nature must be brought in a habeas action in the Superior Court under D.C. Code § 23-110(g), which provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless

the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). A prisoners lack of success in his attempt to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner provides no basis for finding his local remedy inadequate, and the Court will dismiss this action for lack of jurisdiction. *See Mehalic v. Owens*, No. 08-1843, 2008 WL 4723719, at *1 (D.D.C. Oct. 27, 2008), *appeal dismissed*, No. 08-5501 (D.C. Cir. Mar. 17, 2009) (order denying request for certificate of appealability and dismissing appeal). An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 27 May 2009